# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRISTOPHER M. MARCY, | |
| Petitioner, | Case No. 3:23-cv-00290-SLG |
| v. | |
| SARAH ANGOL, | |
| Respondent. | |

## ORDER OF DISMISSAL

On December 28, 2023, Kristopher M. Marcy, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 ("Section 2254") for Writ of Habeas Corpus by a Person in State Custody and a motion for court-appointed counsel.[1] On January 2, 2024, the Court notified Mr. Marcy that his filing was deficient because he did not pay the filing fee or file an application to waive prepayment of the filing fee.[2] Mr. Marcy paid the filing fee on January 4, 2024.[3] The Court takes judicial

---

[1] Dockets 1-2.

[2] Docket 3.

[3] Filing fee: $5 (receipt number 100020875) (entered 01/04/2024).

notice[4] of Mr. Marcy's underlying criminal conviction, his subsequent state court appeals, and post-conviction proceedings.[5]

## SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, a federal court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. A court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[6] Upon screening, it plainly appears that Mr. Marcy is not entitled to habeas relief pursuant to Section 2254, so his petition must be dismissed.

## DISCUSSION

### I. Procedural History

Mr. Marcy was convicted, following a jury trial, of first-degree murder, first-degree sexual assault, and first-degree burglary for sexually assaulting and killing a 59-year-old woman on her property in 1988.[7] Mr. Marcy's convictions were affirmed on direct appeal.[8] Mr. Marcy was "convicted in part based on testimony

---

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[5] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[6] Rule 4 of the Rules Governing Section 2254 Cases.

[7] *State of Alaska v. Marcy,* Case No. 4FA-88-01735CR. *See also* Alaska Stat. § 11.41.100, former Alaska Stat. § 11.41.410(a)(1) (1988), and Alaska Stat. § 11.46.300(a)(1), respectively.

[8] *Marcy v. State*, 823 P.2d 660 (Alaska App. 1991).

from an FBI hair comparison and hair analysis expert … "[9] In 2015, the FBI sent a letter to Mr. Marcy and the State explaining that a nationwide review of cases involving microscopic hair comparisons had determined that the FBI expert who testified at Mr. Marcy's trial had provided testimony that "exceeded the limits of science."[10]

On June 22, 2015, Mr. Marcy filed an application for post-conviction relief in state court arguing his conviction should be vacated due to the tainted FBI expert testimony, which he maintained constituted "newly discovered evidence," which would exempt the claim from the statutory deadlines that would otherwise apply, if the newly discovered evidence "establishes by clear and convincing evidence that the applicant is innocent."[11] Mr. Marcy also argued that he was only required to prove that the exclusion of the tainted testimony would "probably produce an acquittal" when evaluated with the totality of the evidence that would be available at a new trial. As recounted by the Alaska Court of Appeals, the trial court "ruled that this standard did not apply and determined that Marcy failed to prove his innocence under any evidentiary standard in light of the other evidence support his guilt. Lastly, the superior court rejected Marcy's due process claim that the tainted FBI testimony had rendered his trial "fundamentally unfair."[12]

---

[9] *Marcy v. State,* 2023 WL 3607177, *1 (Alaska App. 2023) (unpublished).

[10] *Id.*

[11] *Id.* (citing Alaska Stat. § 12.72.020(b)(2).

[12] *Id.* (footnote omitted).

The Alaska Court of Appeals affirmed the dismissal, concluding that Mr. Marcy's claims were barred by the statute of limitations regardless of which evidentiary standard applied, because that court "agree[d] with the superior court that the evidence of Marcy's guilt was overwhelming, even absent the tainted FBI expert testimony."[13] On October 20, 2023, the Alaska Supreme Court denied Mr. Marcy's Petition for Hearing.[14]

## II. Equal Protection

Mr. Marcy claims that the Department of Justice has waived any statute of limitations defense for federal prisoners challenging convictions based on faulty testimony under 28 U.S.C. § 2255.[15] He asserts that the Equal Protection Clause of the 14th Amendment "requires that Marcy's Federal Petition for Habeas Corpus be received as timely filed just as the federal prisoners petitions of habeas corpus are received as timely filed."[16]

The Equal Protection Clause requires that all persons who are similarly situated be treated alike. Although many prisoners may have been affected by testimony that "exceeds the limits of science," the fact that federal and state prisoners are subject to different procedures for and barriers to post-conviction relief does not violate the Equal Protection Clause; nor does that clause require

---

[13] *Id.*, at *2.

[14] Docket 1 at 7; *Marcy v. State,* Supreme Court Case No. S-18789 (Alaska 2023).

[15] Docket 1 at 13-14.

[16] Docket 1 at 14.

that this Court disregard the Alaska Court of Appeals' determination that the post-conviction motion was untimely under state law.[17]

## III. Federal Habeas Relief

To respect federal-state dual sovereignty, the availability of federal habeas relief is narrowly circumscribed.[18] Federal courts "reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism."[19] Before a federal court reaches the merits of a habeas claim arising from state criminal proceedings, it must consider certain preliminary issues, such as the exhaustion requirement and the procedural default doctrine. Together, the exhaustion requirement and the procedural default doctrine promote federal-state comity by affording States "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights," and by protecting against "the significant harm to the states that results from the failure of federal courts to respect" state procedural rules.[20]

---

[17] *United State v. Antelope*, 97 S. Ct. 1395,1400 (1977) ("[I]t is of no consequence that the federal [criminal code] differs from a state criminal code otherwise applicable within the boundaries of the State of Idaho. Under our federal system, the National Government does not violate equal protection when its own body of law is evenhanded, regardless of the laws of Sates with respect to the same subject matter." (footnotes omitted)).

[18] *Shinn v. Ramirez*, 596 U.S. 366 (2022).

[19] *Martinez v. Ryan,* 566 U.S. 1, 9 (2012).

[20] *Coleman,* 501 U.S. at 750.

Case No. 3:23-cv-00290-SLG, *Marcy v. Angol*
Order of Dismissal
Page 5 of 11

A state prisoner must properly pursue his federal claims through one complete round of the state's established direct appeal process or post-conviction proceedings before a federal court may consider an application for a writ of habeas corpus.[21] Here, Mr. Marcy has exhausted his state court remedies with respect to his post-conviction relief claims. However, he has been procedurally defaulted from pursuing his federal claims in state court pursuant to an independent and adequate state procedural rule—Alaska Statute § 12.72.020(b)(2) . Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of any federal claims, those claims are still barred from federal review.[22] In the case of a procedural default such as this, federal habeas review of the claims is barred unless a petitioner can demonstrate (1) cause for the default and actual prejudice to excuse the default, or (2) a miscarriage of justice/actual innocence.[23]

---

[21] 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[22] *See Harris*, 489 U.S. at 264 n.10 ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing *Harris*, 489 U.S. at 264 n.10).

[23] 28 U.S.C. § 2254(c)(2)(B); *Martinez v. Ryan,* 566 U.S. 1 (2012); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

**(1) Cause and Actual Prejudice**

To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule.[24] To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[25] The Supreme Court has "refrained from giving precise content to the term prejudice."[26] However, the showing of prejudice is significantly greater than the showing necessary for plain error for direct appeals.[27]

**(2) Miscarriage of Justice/Actual Innocence**

The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt."[28] Significantly, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

---

[24] *Murray v. Carrier*, 477 U.S. at 488.

[25] *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[26] *Frady,* 456 U.S. at 168 (internal quotations omitted).

[27] See *Murray v. Carrier,* 477 U.S. at 493–94.

[28] *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original).

Case No. 3:23-cv-00290-SLG, *Marcy v. Angol*
Order of Dismissal
Page 7 of 11

Case 3:23-cv-00290-SLG   Document 4   Filed 03/05/24   Page 7 of 11

physical evidence."[29] A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[30] Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected."[31]

IV. **Mr. Marcy's Claims are Procedurally Barred**

Because the state courts determined that any claims for post-conviction relief were barred by Alaska's statute of limitations, Mr. Marcy may not bring his habeas claims in federal court without showing cause and prejudice or actual innocence.[32]

**A. Cause**

Given the circumstances surrounding the "review of microscopic hair comparison reports and testimony presented by the FBI Laboratory before December 31, 1999," the Court concludes that Mr. Marcy could not have discovered that the Agent's testimony was flawed prior to receiving the 2015 letter.[33] Therefore, Mr. Marcy has established cause for his delay in seeking post-conviction relief on this basis.

---

[29] *Schlup v. Delo*, 513 U.S. at 324; *see also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (explaining the significance of an "[u]nexplained delay in presenting new evidence").

[30] *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327)).

[31] *Shumway v. Payne*, 223 F.3d 982, 990 (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

[32] 28 U.S.C. § 2254(b)(1).

[33] *See, e.g.*, *Crump v. May*, 2023 WL 2240289, at *5-6 (D. Del. 2023) (unpublished); FBI Agents Gave Erroneous Testimony in at Least 90% of Microscopic Hair Analysis Cases, INNOCENCE

### B. Actual Prejudice

To claim "that new evidence casts doubt, even grave doubt, on the correctness of a conviction is not a ground for relief on collateral attack."[34] Actual prejudice is only demonstrated when a defendant is denied "fundamental fairness" at trial.[35] To warrant federal habeas relief based on the use of false testimony, a petitioner must establish that: (1) the testimony was actually false, (2) the prosecution knew or should have known it to be false, and (3) the false testimony was material to the conviction.[36]

Generally, prejudice must be demonstrated based on the record before the state court in the collateral review proceeding.[37] In this case, the state courts rejected Mr. Marcy's due process claims that the tainted testimony rendered his trial "fundamentally unfair."[38] Citing to the "overwhelming" amount of other incriminating evidence presented at his trial, the state courts determined his

---

PROJECT (Apr. 20, 2015), *available at* https://innocenceproject.org/fbi-testimony-on-microscopic-hair-analysis-contained-errors-in-at-least-90-of-cases-in-ongoing-review/, last visited February 22, 2024.

[34] *United States v. Berry*, 624 F.3d 1031, 1043 (9th Cir. 2010) (citing *Conley v. United States,* 323 F.3d 7, 14 (1st Cir.2003) (en banc).

[35] *Frady,* 456 U.S. at 170.

[36] *Hayes v. Brown, 399* F.3d 972, 984 (9th Cir. 2005). *See also Van Arsdall,* 475 U.S. at 684 (listing "the importance of the witness' testimony" and "whether the testimony is cumulative" as factors relevant to materiality).

[37] *Shinn*, 596 U.S. at 386.

[38] *Marcy v. State,* Case No. A-13770, 2023 WL 3607177, at *1 n.5 (Alaska Ct. App. 2023) (citing *United States v. Berry*, 624 F.3d 1031, 1043 (9th Cir. 2010) (holding trial was not fundamentally unfair where the testifying expert used significantly criticized, though not wholly unreliable [compositional analysis of bullet lead] evidence)).

Case No. 3:23-cv-00290-SLG, *Marcy v. Angol*
Order of Dismissal
Page 9 of 11
Case 3:23-cv-00290-SLG   Document 4   Filed 03/05/24   Page 9 of 11

conviction was supported by overwhelming evidence of guilt, even absent the tainted FBI testimony.[39]

The Court agrees Mr. Marcy has failed to show the testimony worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. And Mr. Marcy has not alleged that the State knew or should have known the FBI testimony was false when it was presented at trial. Therefore, although Mr. Marcy has established cause for his late filing, the Court finds Mr. Marcy has not shown he "has suffered the degree of actual prejudice necessary to overcome society's justified interests in the finality of criminal judgments."[40]

### C. Miscarriage of Justice / Actual Innocence

Mr. Marcy has not demonstrated—nor even asserted—that he is innocent of the crimes for which he was convicted. Further, in addition to the recounting all the am evidence of his guilt presented at his criminal trial, the Alaska Court of Appeals also noted that two post-conviction DNA tests "later established to a reasonable degree of forensic certainty that Marcy's DNA matched the DNA found on the victim.[41]

---

[39] *Id.*

[40] *Frady,* 456 U.S. at 171.

[41] *Marcy v. State,* Case No. A-13770, 2023 WL 360717 (Alaska Ct. App. 2023). *See also* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.").

For the reasons above, Mr. Marcy is barred from pursuing his claims in federal court pursuant to the procedural default doctrine.[42]

**IT IS THEREFORE ORDERED**:

1. The Petition under 28 U.S.C. § 2254 is **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk is directed to enter a Final Judgment and terminate this action.

4. A Certificate of Appealability shall not issue.[43]

DATED this 5th of March 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[42] *Gray v. Netherland,* 518 U.S. 152, 162 (1996).

[43] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).